**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN A. COHEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-1101-CDP |
| | ) | |
| DANIEL DEVEREAUX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Moreover, for the reasons set forth below, the Court will dismiss this action, without prejudice, for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Nathan A. Cohen, Sr., brings this action alleging "wrongful representation on divorce." Plaintiff has not provided the jurisdictional basis under which he is bringing the present action, noting that "Attorneys Daniel Devereaux and Michael Stokes failed to represent me in my divorce proceedings against my ex-wife." Plaintiff asserts that defendants, Devereaux and Stokes "agreed with [his wife's] attorney not to return [his] retirement benefits on her death." Plaintiff claims that his ex-wife died in November of 2007, and he later hired a third attorney, Robert Faerber for $500 who also "failed to represent him," when he "received nothing on September 5, 2012."

After reading plaintiff's complaint in full, the Court presumes that plaintiff is referring to his dissatisfaction with his counsels' representation of him during both his divorce proceeding, as well as any modifications he has sought of the divorce decree thereafter. Plaintiff seeks modification of his divorce decree to receive his retirement benefits after his wife's death.

### Discussion

The Court notes that divorce proceedings, and modifications of divorce decrees, are state proceedings, which are done only in state courts.[1] A review of Missouri.Case.Net shows that Nathan Cohen, Sr. and his spouse, Patsy F. Cohen, were divorced on December 11, 1989 in St.

---

[1] The Court finds that the "domestic relations exception" precludes the exercise of federal jurisdiction in this case. *Cf. Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). Pursuant to this exception, federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. *See id*. at 861. In addition, when a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. *Id.* Although plaintiff's claims are drafted to sound as "legal misrepresentation" claims, they are either directly related to or are so interwoven with the state divorce proceedings that subject matter jurisdiction does not lie with this Court. Plaintiff has given no indication that his claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the divorce proceedings allegedly were held, would be better equipped to handle the issues that have arisen relative to plaintiff's concerns relative to receipt of his retirement benefits following his ex-wife's death.

Louis City Court.  *See Cohen v. Cohen*, Case No. 22863-02574 (22nd Judicial Circuit).   Any modifications relative to plaintiff's divorce decree would necessarily have to be done within the Court where the dissolution occurred.   Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).   "Review of state court decisions may be had only in the Supreme Court."  *Id.*   Thus, to the extent that plaintiff is seeking review and dismissal of an earlier state court divorce decision, this Court lacks jurisdiction to entertain plaintiff's claims.

To the extent that plaintiff is attempting to bring a state law "legal malpractice" action in this Court, he has not adequately pleaded jurisdictional grounds to do so. To bring a state law case in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332.   For diversity jurisdiction to exist, a plaintiff and the defendants must be "citizen[s] of different States."  "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff."  *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997).   Although plaintiff has not pleaded the citizenship of defendants, he has noted in his complaint that he and the defendants are domiciled in Missouri.   Thus, it does not appear that he has diversity of citizenship in this action.[2]   Moreover, the instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.   As such, plaintiff's "wrongful representation" claim is subject to dismissal for lack of jurisdiction in this Court.

Accordingly,

---

[2]Plaintiff has additionally failed to plead that over $75,000 in controversy is at issue in the present matter.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because this Court lacks jurisdiction over the subject matter of plaintiff's claims. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #4] is **DENIED as moot**.

A separate Order of Dismissal will be filed with this Memorandum and Order.

Dated this 26th day of August, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE